Steven S. Rand, Esq.
Daniel Park, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 223-0400
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOLDEN BRIDGE R2 LLC,<br><br>               Plaintiff,<br><br>      - against -<br><br>BD781 LLC; YAG781 CORP.; JOSEPH RUBIN; SHMUEL A HAIKINS; NY SUPER SAFETY LLC; HEXAGON INDUSTRIES INC.; STRUCTURAL ENGINEERING TECHNOLOGIES P.C.; FIVE STAR EQUITY INVESTMENTS LLC; FIVE STAR MARBELHEAD HOLDINGS LLC; FIVE STAR STORE IT MARBLEHEAD LLC; FIVE STAR PROSPECT HOLDINGS LLC; FIVE STAR EQUITY INVESTMENTS III LLC; MANIES FAMILY SPE LLC; BERNARD (BORUCH) MANIES; FRED (FEIVEL) SCHWARTZ; SUSAN HOFFMAN; YONI LEFKOWITZ; YONAH GRUNHUT; ALEXANDER GRUNHUT; BD EQUITIES LLC; BLUE DIAMOND EQUITIES LLC; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY DEPARTMENT OF FINANCE; "JOHN DOE NO. 1 TO 10," inclusive, the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>           Defendants. | Civil Action File No.:<br><br><br><br>**COMPLAINT** |

Plaintiff Golden Bridge R2 LLC ("Plaintiff" or "Lender"), by its attorneys Zeichner Ellman & Krause LLP, for its complaint, alleges, upon information and belief, as follows:

1.      Plaintiff is a Delaware limited liability company, authorized to do business in New York and for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1) is a citizen of the state of Israel because that is where its sole member and 100% owner has a place of business.

2.      BD781 LLC ("Borrower") is a New York limited liability company and for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its two members are a citizen of the State of New York and of New Jersey, respectively, and Borrower is named as defendant because it is a maker of the Note (hereafter defined), grantor of the Mortgage (hereafter defined) encumbering the premises described in **Exhibit A** attached hereto, commonly known as 419-421 Lincoln Place and 478-480 Saint Johns Place, Brooklyn, New York 11238 (the "Premises"), and owner of the Premises.

3.      Defendant Joseph Rubin ("Guarantor Rubin") is an individual who resides in the State of New York and is named as a defendant as a result of his/her/their obligations to Plaintiff arising out of that certain Personal Guaranty dated May 17, 2022 ("Guaranty").

2

4.      Defendant Shmuel A Haikins ("Guarantor Haikins," together with Guarantor Rubin, the "Guarantors") is an individual who resides in the State of New Jersey and is named as a defendant as a result of his/her/their obligations to Plaintiff arising out of the Guaranty.

5.      Defendant NY Super Safety LLC ("NY Super Safety") is a New York limited liability company and for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its sole member is a citizen of the State of New York, and is named as a defendant because of any claims, judgments, or liens, it may have on the Premises by virtue of unpaid liens.

6.      Defendant Hexagon Industries Inc. is a New York corporation and for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its principal place of business is at 5903 18th Avenue, #44, Brooklyn, New York 11204 and is thus a citizen of the State of New York, and is named as a defendant because of any claims, judgments, or liens, it may have on the Premises by virtue of unpaid liens.

7.      Defendant Structural Engineering Technologies P.C. is a New York professional corporation and for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its principal place of business is at 40-12 28th Street, Long Island City, New York 11101 and is thus a citizen of the State of New York, and is named as a defendant because of any claims, judgments, or liens, it may have on the Premises by virtue of unpaid liens.

4871-7677-5217, v. 4.1 / 12472.1018

8.      Five Star Equity Investments LLC ("Five Star") is a Delaware limited liability company, with its principal place of business located at 3612 Shannon Road, Cleveland Heights, Ohio 44118 and for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its three managing members are each individuals who are citizens of the State of Ohio, and Five Star is named as a defendant because of claims it may have on the Premises by virtue of a pending action against Borrower and Guarantors.

9.      Five Star Store It Marblehead LLC ("Store It") is a New York limited liability company, with its principal place of business located at 301 Mill Road, Suite U-5, Hewlett, New York 11557 and for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its three managing members are each individuals who are citizens of the State of Ohio, and Store It is named as a defendant because of claims it may have on the Premises by virtue of a pending action against Borrower and Guarantors.

10.      Five Star Prospect Holdings LLC ("Prospect Holdings") is a Delaware limited liability company, with its principal place of business located at 3612 Shannon Road, Cleveland Heights, Ohio 44118 and for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its three managing members are each individuals who are citizens of the State of Ohio, and Prospect Holdings is named as a defendant because of claims it may have on the Premises by virtue of a pending action against Borrower and Guarantors.

4

11.     Five Star Equity Investments III LLC ("Equity Investments III")
is a New Jersey limited liability company, with its principal place of business located at
300 Aycrigg Avenue, Passaic, New Jersey 07055 and for purposes of diversity
jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its three
managing members are each individuals who are citizens of the State of Ohio, and Equity
Investments III is named as a defendant because of claims it may have on the Premises
by virtue of a pending action against Borrower and Guarantors.

12.     Five Star Marblehead Holdings LLC ("Marblehead") is a
Delaware limited liability company, with its principal place of business located at 3612
Shannon Road, Cleveland Heights, Ohio 44118 and for purposes of diversity jurisdiction
pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its 99% owner is Equity
Investments III of which its three managing members are each individuals who are
citizens of the State of Ohio, and Marblehead is named as a defendant because of claims
it may have on the Premises by virtue of a pending action against Borrower and
Guarantors.

13.     Manies Family SPE LLC ("Manies Family SPE") is a Delaware
limited liability company, with its principal place of business located at 3612 Shannon
Road, Cleveland Heights, Ohio 44118 and for purposes of diversity jurisdiction pursuant
to 28 U.S.C. § 1332(c)(1), upon information and belief, its three managing members are
each individuals who are citizens of the State of Ohio, and Manies Family SPE is named

4871-7677-5217, v. 4.1 / 12472.1018

as a defendant because of claims it may have on the Premises by virtue of a pending action against Borrower and Guarantors.

14.     Defendant Bernard (Boruch) Manies ("Manies") is an individual who resides in the State of Ohio and is named as a defendant as a result of (1) his/her/their ownership interests in Five Star, Store It, Prospect Holdings, Equity Investments III, Marblehead, and Manies Family SPE and (2) claims he/she/they may have on the Premises by virtue of a pending action against Borrower and Guarantors.

15.     Defendant Fred (Feivel) Schwartz ("Schwartz") is an individual who resides in the State of Ohio and is named as a defendant as a result of (1) his/her/their ownership interests in Five Star, Store It, Prospect Holdings, Equity Investments III, Marblehead, and Manies Family SPE and (2) claims he/she/they may have on the Premises by virtue of a pending action against Borrower and Guarantors.

16.     Defendant Susan Hoffman ("Hoffman," together with Manies and Schwartz, the "Five Star Principals") is an individual who resides in the State of Ohio and is named as a defendant as a result of (1) his/her/their ownership interests in Five Star, Store It, Prospect Holdings, Equity Investments III, Marblehead, and Manies Family SPE and (2) claims he/she/they may have on the Premises by virtue of a pending action against Borrower and Guarantors.

6

17.     Defendant Yoni Lefkowitz is an individual who resides in the State of New York and is named as a defendant as a result of his/her/their alleged interest in Borrower.

18.     Defendant Yonah Grunhut is an individual who resides in the State of New York and is named as a defendant as a result of his/her/their alleged interest in Borrower.

19.     Defendant Alexander Grunhut is an individual who resides in the State of New York and is named as a defendant as a result of his/her/their alleged interest in YAG781 Corp.

20.     Defendant YAG781 Corp. is a New York corporation and for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its principal place of business is at 1266 36th Street, Brooklyn, New York 11218 and is thus a citizen of the State of New York, and is named as a defendant because of its alleged interest in the Premises.

21.     Defendant BD Equities LLC is a New York limited liability company and for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), upon information and belief, its sole member is a citizen of the State of New York, and is named as a defendant because of its alleged interest in the Premises.

22.     Defendant Blue Diamond Equities LLC is a New York limited liability company and for purposes of diversity jurisdiction pursuant to 28 U.S.C. §

7

1332(c)(1), upon information and belief, its sole member, Rubin, is a citizen of the State of New York, and is named as a defendant because of its alleged interest in the Premises.

23.     Defendants New York State Department of Taxation and Finance and New York City Department of Finance are named as defendants because of any claims, judgments, or liens, it may respectively have on the Premises by virtue of unpaid judgments.

24.     John Doe No. 1 to 10, inclusive, are fictitious and unknown to plaintiff. They are named as defendants to designate any and all persons, occupants, tenants, individuals or corporations, if any, having or claiming an interest in or lien on the Premises.

25.     Each of the defendants has, or may claim to have, some interest in, or lien on, the Premises or some part thereof, which interest or lien, if any, accrued subsequent to Plaintiff's lien, either in express terms, by agreement or by law.

## <u>JURISDICTION AND VENUE</u>

26.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

27.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is located in the Eastern District of New York.

## THE FACTS

### A.     Introduction

28.     This is a commercial foreclosure action to foreclose the Mortgage encumbering the Premises, to secure payment of a note in the principal amount of $10,700,000.00 held by Plaintiff (the "Loan").

### B.     The Loan Documents and Guaranty

29.     On May 17, 2022, Golden Bridge R1 LLC d/b/a Golden Bridge Funding ("Golden Bridge R1") loaned Borrower the principal sum of $10,700,000.00, evidenced by that certain Mortgage Note dated May 17, 2022 (the "Note"), pursuant to which Borrower promised to pay to the order of Golden Bridge R1, together with its successor and assigns, the sum of $10,700,000.00, together with interest thereon payable monthly as set forth in the Note and such other amounts as are payable thereunder. A copy of the Note is attached as **Exhibit B**.

30.     As security for payment of Borrower's obligations under the Note, Borrower executed and delivered to Golden Bridge R1, that certain Mortgage, Assignment of Leases and Rents and Security Agreement dated May 17, 2022 (the

9

"Mortgage") securing the principal amount of $10,700,000.00 and encumbering the Premises and improvements thereon, and personal property located on or relating to such real property, and all appurtenances thereto (collectively, the "Property"). The Mortgage was recorded on June 6, 2022 in the City Register in CRFN 2022000225944 and the mortgage recording tax was duly paid. A copy of the Mortgage is attached as **Exhibit C**.

31.     In order to induce Golden Bridge R1 to make and extend the Loan to Borrower as evidenced by the Note and secured by the Mortgage, Guarantors executed and delivered a Guaranty to Golden Bridge R1. Pursuant to the Guaranty, Guarantors absolutely, unconditionally and irrevocably guaranteed to Golden Bridge R1 and its successors and assigns the full and prompt payment of all of Borrower's Indebtedness as defined in the Guaranty and all costs and expenses, including reasonable attorneys' fees and costs incurred in connection with the enforcement of the Guaranty. A copy of the Guaranty is attached as **Exhibit D**.

32.     The Note, Mortgage, Guaranty, and related loan documents are referred to as the "Loan Documents."

33.     Golden Bridge R1 assigned the Loan, specifically including the Note and Mortgage, to Plaintiff pursuant to that certain Assignment of Mortgage dated August 25, 2022, which was recorded on September 30, 2022 in the City Register in CRFN 2022000376481. A copy of the referenced Assignment of Mortgage is attached as **Exhibit E**.

10

34.     In connection with Golden Bridge R1's assignment of the Loan Documents to Plaintiff, Golden Bridge R1 physically delivered the original Loan Documents to Plaintiff on August 25, 2022.

**C.      The Assignment of Rents**

35.     In connection with the Loan Documents and as part of the consideration for the Mortgage, Borrower executed and delivered to Golden Bridge R1 that certain Collateral Assignment of Leases and Rents dated May 17, 2022 ("Assignment of Leases"). The Assignment of Leases was recorded on June 6, 2022 in the City Register in CRFN 2022000225945. A copy of the Assignment of Leases is attached as **Exhibit F**. Pursuant to the Assignment of Leases, Borrower absolutely and unconditionally assigned and transferred to Golden Bridge R1 all Rents and Leases (as such terms are defined in the Assignment of Leases).

36.     Golden Bridge R1 assigned the Assignment of Leases to Plaintiff pursuant to that certain Assignment of Assignment of Leases and Rents dated August 25, 2022, recorded on September 30, 2022 in the City Register in CRFN 2022000376482. A copy of the referenced Assignment of Assignment of Leases and Rents is attached as **Exhibit G**.

37.     Pursuant to Section 24 of the Mortgage, Borrower consented to the appointment of a receiver, without notice, in a foreclosure proceeding commenced

11

following the occurrence of an Event of Default (as such term is defined in the Mortgage) and Plaintiff's election to declare the Indebtedness immediately due and payable.

**FIRST CLAIM
(FORECLOSURE OF MORTGAGE)**

38.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37.

**A.      Plaintiff's Rights under the Loan Documents**

39.     The Note and Mortgage each provide that upon the occurrence of an Event of Default (as defined in the Mortgage), Lender may declare the entire unpaid balance of the principal, all accrued interest, and all other sums secured by the Mortgage to be immediately due and payable.

40.     The Mortgage provides that upon the occurrence of an Event of Default, Lender may institute proceedings for the complete or partial foreclosure of the Mortgage.

41.     The Mortgage provides that upon the occurrence of an event of default, Lender may enter into and upon all or any part of the Premises, and may use, operate, manage and control the Premises, either personally or by its agents, servants, attorneys or receivers.

12

**B.**     <u>**The Default**</u>

42.     Borrower failed to pay required interest payments due and owing under the Loan Documents to Plaintiff on April 1, 2023 and thereafter (the "Interest Default").

43.     Plaintiff provided notice of default to Borrower by letter dated May 17, 2023 ("Default Notice"). A copy of the Default Notice is attached as **Exhibit H**.

44.     Borrower and Guarantors failed to cure the Interest Default.

45.     Next, Borrower failed to pay required principal and interest payments due and owing under the Loan Documents to Plaintiff on maturity of the Note, June 2, 2023 (the "Maturity Default," and together with Interest Default, the "Default").

46.     Borrower and Guarantors failed to make payment pursuant to the Loan Documents.

47.     As a result of Borrower's Default under the Loan Documents, Borrower is indebted to Plaintiff in the aggregate principal amount of $10,700,000.00, together with accrued and unpaid interest, default interest, late charges, event fees, prepayment consideration, escrow advanced, and such other costs and expenses as set forth in the Loan Documents, including without limitation reasonable attorneys' fees (the "Outstanding Debt").

48.    In order to protect its security, Plaintiff may be compelled during the pendency of this action to pay taxes, assessments, water rents, water meter charges, insurance premiums, and any other charges affecting the Premises and Plaintiff requests that any sum so paid by it be added to the sum otherwise due and deemed secured by the Mortgage, and adjudged a valid lien on the Premises.

**SECOND CLAIM**
**(FORECLOSURE OF SECURITY AGREEMENT)**

49.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48.

50.    The Mortgage constitutes a "security agreement" within the meaning of the UCC.

51.    Under the Mortgage and Security Agreement, Borrower shall be in default for failing to make payments due under the Loan Documents.

52.    Under the Mortgage and Security Agreement, upon a default, Plaintiff shall have the remedies of a secured party under the Uniform Commercial Code, including the foreclosure of the Security Interest in the Personal Property.

**WHEREFORE**, Plaintiff demands judgment against defendants on its Claims as follows:

(a)    That each and all of the defendants in this action, and any and all persons claiming by, through and under any of them, subsequent to the commencement of this action and the filing of the notice of

14

pendency thereof in the Office of the Kings County Clerk, in the State of New York, which is the county in which the Premises are located, may forever be barred and foreclosed of any and all rights, title and interest, claim, lien and equity of redemption in the Premises;

(b)     That a receiver of rents may be appointed without notice;

(c)     That the Court direct the Premises can be sold according to law, in one parcel in a single sale with the fixture and articles of personalty upon the Premises, to discharge all of the indebtedness evidenced by the Loan Documents, or otherwise in separate sales in such order of mortgage lien priority designated by plaintiff and as equity may require;

(d)     That the monies arising from the sale of the Premises may be brought into Court;

(e)     That the monies due to plaintiff on the Loan Documents may be adjudged and computed;

(f)     That plaintiff may be paid the amount adjudged to be due on the Loan Documents with interest at the time of such payment, together with any monies advanced and paid pursuant to any term or provision of the Loan Documents, and together with taxes, insurance premiums and all other charges and liens paid thereon with interest upon said amount from the date of the respective payments and advances, together with all amounts due by virtue of statutory costs, allowances and reasonable attorneys' fees over and above the amounts covered by the statutory attorneys' fees, together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

(g)     That if the proceeds of the sale of the Premises are insufficient to pay the amount found due to plaintiff as set forth in the immediately preceding paragraph, the officer making the sale be required to specify the amount of such deficiency in the report of sale so that application may be made by plaintiff to the Court pursuant to Section 1371 of the Real Property Actions and Proceedings Law for a deficiency judgment against Borrower and Guarantor jointly and severally;

4871-7677-5217, v. 4.1 / 12472.1018

(h)     If the Court, upon such application shall so direct, plaintiff should have judgment against Borrower and Guarantor jointly and severally for the amount of such deficiency;

(i)     That plaintiff be awarded reasonable attorneys' fees as provided in the Loan Documents, as well as the costs and disbursements of this action; and

(j)     For such other further and different relief as the Court deems just, equitable, and proper.

Dated:   July 10, 2023
         New York, New York

                              ZEICHNER ELLMAN & KRAUSE LLP

                              By:/s/Steven S. Rand_____
                                 Steven S. Rand
                                 Daniel Park
                                 *Attorneys for Plaintiff*
                                 1211 Avenue of the Americas
                                 New York, New York 10036
                                 (212) 223-0400

4871-7677-5217, v. 4.1 / 12472.1018