# EXHIBIT D

## PERSONAL GUARANTEE

**THIS GUARANTEE**, dated as of May 17, 2022 is made jointly and severally by **JOSEPH RUBIN** an individual having an address at 1774 501 Street Brooklyn NY 11204 and **SHMUEL A HAIKINS** and individual having an address at 21A Newwood Hills Ave Lakewood NJ 08701 (collectively the "**Guarantor**") in favor of **GOLDEN BRIDGE R1 LLC D/B/A GOLDEN BRIDGE FUNDING**, a Delaware Limited Liability Company having its principal place of business at c/o 107-14 71st Road, 2nd Floor, Forest Hills, New York 11375 ("**Lender**").

Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed thereto in the Mortgage, Assignment of Leases and Rents and Security Agreement (the "**Mortgage**") dated as of the date hereof, between BD781 LLC (the "**Borrower**"), as Mortgagor, and Lender, as Mortgagee (as the same may hereafter be amended, modified or supplemented from time to time.

## W I T N E S S E T H:

**WHEREAS**, Borrower is the owner of a property in the County of Brooklyn, State of New York, known by the street address of N/A St Johns Place, Brooklyn, NY 11238 and 421 Lincoln Place Brooklyn, NY 11238, as further described in the Mortgage (collectively the "**Property**");

**WHEREAS**, Borrower has requested a mortgage loan (the "**Loan**") from Lender in the original principal amount of $10,700,000.00 and Lender has agreed to make such Loan upon the terms and conditions as set forth in that certain Secured Promissory Note dated the date hereof (the "**Note**"), the Mortgage, this Guarantee and certain other loan documents dated the date hereof (the Note, the Mortgage and the Agreements and any other documents executed in connection herewith are sometimes collectively referred to herein as the "**Loan Documents**");

**WHEREAS**, simultaneously herewith, the Loan Documents have been executed and delivered to Lender;

**WHEREAS**, Guarantor acknowledges that (i) Lender has declined to make the Loan to Borrower unless this Guarantee is executed by Guarantor and duly delivered to Lender, (ii) Guarantor desires that Lender make the Loan to Borrower, (iii) Guarantor is being directly or indirectly benefitted by the making of the Loan by Lender to Borrower, and (iv) such benefit constitutes good, valuable and sufficient consideration for the execution and delivery to Lender of this Guarantee.

**WHEREAS**, as a condition of originating the Loan, Lender has required that Guarantor execute this Guarantee.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Guarantor hereby agrees with Lender as follows:

1.  <u>Guarantee</u>. The Guarantor hereby unconditionally and irrevocably guarantees to Lender the full and punctual payment and performance when due of all of Borrower's obligations under the Loan Documents, whether at maturity or earlier by reason of acceleration or otherwise and whether denominated as damages, principal, interest, fees or otherwise, together with all pre- and post-maturity interest thereon (including, without limitation, amounts that, but for the initiation of any proceeding under any insolvency or bankruptcy law, would become due). (the "Guaranteed Obligations").

The Guarantor also agrees to pay any and all costs and expenses (including, without limitation, all reasonable fees and disbursements of counsel) which may be paid or incurred by Lender in connection with the enforcement of this Guarantee. The foregoing shall not in any manner impair or release the debt evidenced by the Note or the other Loan Documents or otherwise impair or derogate from the Lender's ability to enforce its rights under the Loan Documents.

If more than one person has signed this Personal Guarantee, then the word "Guarantor" shall refer to each signer and I/we each agree to be individually liable for the amount due and for all the provisions under this Personal Guarantee. This Personal Guarantee shall not be affected by the subsequent assignment of the mortgage loan to a third party.

2.  <u>Guarantee Absolute.</u> The Guarantor guarantees that the Debt (as defined in the Mortgage) will be paid strictly in accordance with the terms of the Mortgage or any requirement of law, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of Lender with respect thereto. The liability of the Guarantor hereunder shall be absolute and unconditional irrespective of:

(a) any lack of validity or enforceability of the Note, the Mortgage the other Loan Documents or any other agreement between Lender and the Borrower relating thereto;

(b) any change in the time, manner, place of payment of the indebtedness under, or in any other term of, or any other amendment or waiver of, or any consent to, departure from, or any agreement between the Borrower and Lender, including, without limitation, the Note, the Mortgage or the other Loan Documents;

(c) the insolvency of, or voluntary or involuntary bankruptcy, assignment for the benefit of creditors, reorganization or other similar proceedings affecting, the Borrower or any of its assets; or

(d) any other circumstance which might otherwise constitute a defense available to, or a discharge of, the Borrower in respect of the Debt or of the Guarantor in respect of this Guarantee.

No payment made by the Guarantor, any other guarantor or any other Person or entity, or received or collected by the Lender from the Guarantor, any other guarantor or any other Person or entity by virtue of any action or proceeding or set off or application at any time in reduction of or in payment of the Debt shall be deemed to modify, release or otherwise affect the liability of Guarantor under this Guarantee. Notwithstanding any such payments received or

collected by the Lender in connection with the Debt, Guarantor shall remain liable for the balance of the Guaranteed Obligations until the Debt is paid in full. This Guarantee shall continue to be effective or be reinstated, as the case may be, if at any time any payment of the Debt or any portion thereof is rescinded or must otherwise be returned by the Lender upon the insolvency, bankruptcy or reorganization of the Borrower or otherwise, all as though such payment had not been made.

Lender shall not be required to inquire into the powers of the Borrower or any of its partners, managers or other agents acting or purporting to act on its behalf, and monies, advances, renewals or credits described in Section 1 hereof in fact borrowed or obtained from Lender in professed exercise of such powers shall be deemed to form part of the debts and liabilities hereby guaranteed, notwithstanding that such borrowing or obtaining of monies, advances, renewals, or credits shall be in excess of the powers of the Borrower, or of its shareholders, directors or officers or other agents aforesaid, or be in any way irregular, defective or informal.

3. Dealing with the Borrower and Others.

(a) The Guaranteed Obligations shall not be released, discharged, limited or in any way affected by anything done, suffered or permitted by Lender in connection with any monies or credit advanced by Lender to the Borrower or any security therefor, including any loss of or in respect of any security received by Lender from the Borrower or others. It is agreed that Lender, without releasing, discharging, limiting or otherwise affecting in whole or in part the obligations and liabilities hereunder, may, without limiting the generality of the foregoing:

(i) grant time, renewals, extensions, indulgences, releases and discharges to the Borrower and any other Person guaranteeing payment of or otherwise liable with respect to the Debt (each such Person, an "**Obligor**");

(ii) take or abstain from taking security or collateral from the Borrower or any obligor or from perfecting security or collateral of the Borrower or any Obligor;

(iii) accept compromises from the Borrower or any Obligor;

(iv) apply all monies at any time received from the Borrower or any Obligor upon such part of the Guaranteed Obligations as Lender may see fit; or

(v) otherwise deal with the Borrower or any obligor as Lender may see fit.

(b) Lender shall not be bound or obliged to exhaust recourse against the Borrower or any other Obligor or any security, guarantee, indemnity, Mortgage or collateral it

may hold or take any other action (other than make demand pursuant to this Guarantee) before being entitled to payment from the Guarantor hereunder; and

(c) Any account settled by or between Lender and the Borrower shall be accepted by the Guarantor as conclusive evidence that the balance or amount thereby appearing due to Lender is so due.

4. <u>Subrogation</u>. The Guarantor shall not exercise any right of subrogation with respect to payments made to Lender hereunder until such time as all indebtedness of the Borrower to Lender shall have been irrevocably paid in full in cash. In the case of the liquidation, winding-up or bankruptcy of the Borrower (whether voluntary or involuntary) or in the event that the Borrower shall make an arrangement or composition with his creditors, Lender shall have the right to rank first for its full claim and to receive all payments in respect thereof until its claim has been paid in full and the Guarantor shall continue to be liable to Lender for any balance of the Guaranteed Obligations. The Guarantor, to the extent permitted by law, irrevocably releases and waives any subrogation rights or right of contribution or indemnity (whether arising by operation of law, contract or otherwise) Guarantor may have against the Borrower or any Person constituting the Borrower if and to the extent any such right or rights would give rise to a claim under the U.S. Bankruptcy Code that payments to Lender with respect to the Guaranteed Obligations constitute a preference in favor of Guarantor or a claim under the Bankruptcy Code that any such preference is recoverable from Lender.

5. <u>Representations and Warranties.</u> The Guarantor hereby represents and warrants to Lender that:

(a) the Guarantor is not insolvent (as such term is defined in the debtor/creditor laws of the State of New York);

(b) the execution, delivery and performance of this Guarantee will not (i) make Guarantor insolvent (as such term is defined in the debtor/creditor laws of the State of New York), or (ii) violate any provision of any requirement of law or contractual obligation of Guarantor and will not result in or require the creation or imposition of any lien on any of the properties or revenues of Guarantor pursuant to any requirement of law or contractual obligation of Guarantor;

(c) the Guarantor has all requisite power and authority to execute, deliver and perform his Guaranteed Obligations under this Guarantee.

(d) the execution, delivery of this Guarantee and the performance by the Guarantor of his obligations hereunder does not and will not contravene, violate or conflict with any requirement of law, and does not and will not contravene, violate or conflict with, or result in a breach of or default under, the partnership agreement of Borrower, or any contractual obligation to which Guarantor or his assets is or are subject, and does not require or result in the creation or imposition of any lien in favor of any Person other than Lender.

(e) the execution and delivery hereof and the performance by the Guarantor of his obligations hereunder does not and will not contravene, violate or conflict with, or result in a breach of or default under, any indenture, security instrument, deed of trust, ground lease, contract, assignment, agreement or other instrument to which the Borrower or the assets of the Borrower are subject.

(f) no consent of any other party (including, without limitation, any partner, or any creditor of the Guarantor or Borrower) is required that has not been obtained by the Guarantor.

(g) this Guarantee has been duly executed and delivered by Guarantor and is the legal, valid and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, moratorium, insolvency, reorganization or similar laws affecting creditors' rights generally.

(h) The Guarantor shall endeavor to maintain its current credit rating. Any reduction in Guarantor's credit rating above 5% shall be deemed an Event of Default and entitle the Mortgagee to exercise its rights under the Loan Documents.

6. <u>Demand for Payment.</u> The Guarantor shall make payment of the Guaranteed Obligations and other amounts payable by the Guarantor hereunder forthwith. Lender shall not be required to seek payment of the Debt from Borrower or any other person, prior to demanding payment of the Guaranteed Obligations from the Guarantor.

7. <u>Waiver of Notice of Acceptance.</u> The Guarantor hereby waives notice of acceptance of this Guarantee.

8. <u>Additional Guaranties.</u> This Guarantee is in addition and without prejudice to any guaranties of any kind (including, without limitation, guaranties whether or not in the same form as this instrument) now or hereafter held by Lender. Lender shall not be obligated to proceed under any other guaranty or security with respect to all or any portion of the Debt before being entitled to payment from Guarantor under this Guarantee.

9. <u>Financial Statements</u>. Guarantor covenants and agrees to provide Lender annually, within forty-five (45) days after the end of each calendar year, with a balance sheet prepared in accordance with generally accepted accounting practices consistently applied (or sound cash based accounting practices consistently applied), a certification as to whether any material adverse changes have occurred in such Guarantor's financial position and such other statements as may be reasonably required by Lender. Guarantor further covenants and agrees to provide Lender each year with Guarantor's Federal Income Tax Return within fifteen (15) days of filing same and to immediately notify Lender of any material adverse change in such Guarantor's financial condition. Guarantor shall also provide any additional financial information, upon written request by Lender, including, without limitation, certification as to liquidity.

10. <u>GOVERNING LAW.</u> THIS INSTRUMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK.

11. <u>Addresses of Notices.</u> All notices, demands, and other communications provided for hereunder shall be in writing and shall be personally delivered, sent by overnight delivery, or mailed, (certified mail, return receipt requested and postage prepaid), to and addressed as follows: if to the Guarantor, delivered to him at his address set forth above, and if to Lender, delivered to it at the address set forth above, with a copy to The Shiponi Law Firm, P.C., 107-14 71st Road, 2nd Floor, Forest Hills, NY 11375, or as to each party at such other address or addresses within the continental United States of America as shall be designated by such party in written notice to each other party complying as to delivery with the terms of this Section 11.

12. <u>No Waiver. Remedies.</u> No failure on the part of Lender to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right. The remedies herein provided are cumulative and not exclusive of any remedies provided by law. Any amendments to, revisions of, or waivers of any provisions of this Guarantee must be in writing to be effective.

13. <u>Benefit and Binding Nature.</u> This Guarantee is a continuing guaranty of payment and shall (a) remain in full force and effect until irrevocable payment in full of the Guaranteed Obligations and all other amounts payable hereunder in cash, (b) be binding upon the Guarantor, his personal representatives, executors, administrators, heirs, distributees and successors and assigns, and (c) inure to the benefit of and be enforceable by Lender and its respective successors and assigns.

14. <u>WAIVER OF TRIAL BY JURY.</u> THE GUARANTOR AND LENDER WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM, OR COUNTERCLAIM, WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, WITH RESPECT TO, IN CONNECTION WITH OR ARISING OUT OF OR IN ANY WAY RELATED TO THIS GUARANTEE OR THE MORTGAGE OR THE NOTE OR ANY OTHER DOCUMENT DELIVERED IN CONNECTION HEREWITH OR THEREWITH.

15. <u>Jurisdiction.</u> The Guarantor hereby irrevocably submits to the jurisdiction of any New York State or Federal Court or in any action or proceeding arising out of or relating to this Guarantee, the Note, the Mortgage or any other document delivered in connection herewith or therewith and the Guarantor hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in such New York state court, or to the extent permitted by law, in such Federal court. The Guarantor hereby irrevocably waives, to the fullest extent he may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding. To the extent permitted by law, the Guarantor also irrevocably consents to the service of any and all process in any such action or proceeding by the mailing of copies (certified mail, return receipt requested and postage prepaid) of such process to him at his address specified in Section 11 hereof. The Guarantor agrees that a final judgment in any such

action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

**INTENTIONALLY LEFT BLANK**
**SIGNATURE PAGE TO FOLLOW**

IN WITNESS WHEREOF, the Guarantor has executed this Guarantee as of the date and year set forth above.

**GUARANTOR**:

_____
JOSEPH RUBIN

_____
SHMUEL A HAIKINS

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF o___       )

On the May 17, 2022 before me, the undersigned, a Notary Public in and for said State, personally appeared, JOSEPH RUBIN and SHMUEL A HAIKINS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed this instrument.

_____
Notary Public

**Daniel Y. Ross, Esq.**
**Attorney At Law**
**State Of New Jersey**