# EXHIBIT F

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | <br>2022052600590006006E4C44 |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | |

**RECORDING AND ENDORSEMENT COVER PAGE** — PAGE 1 OF 8

**Document ID:** 2022052600590006  **Document Date:** 05-17-2022  **Preparation Date:** 05-26-2022
**Document Type:** ASSIGNMENT OF LEASES AND RENTS
**Document Page Count:** 6

| PRESENTER: | RETURN TO: |
|---|---|
| BETTER RECORDINGS, LLC<br>1 PARAGON DRIVE - RANY-47421<br>SUITE 150B<br>MONTVALE, NJ 07645<br>REC@BETTERTITLERESEARCH.COM | BETTER RECORDINGS, LLC<br>1 PARAGON DRIVE - RANY-47421<br>SUITE 150B<br>MONTVALE, NJ 07645<br>REC@BETTERTITLERESEARCH.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1177 | 11 | Entire Lot | 478 SAINT JOHNS PLACE |

**Property Type:** DWELLING ONLY - 3 FAMILY

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1177 | 50 | Entire Lot | 419 LINCOLN PLACE |

**Property Type:** COMMERCIAL REAL ESTATE

### CROSS REFERENCE DATA
**Document ID:** 2022052600590005

### PARTIES

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| BD781 LLC<br>4403 15TH STREET, SUITE 114<br>BROOKLYN, NY 11219 | GOLDEN BRIDGE RI LLC<br>107-17 71ST ROAD, 2ND FLOOR<br>FOREST HILLS, NY 11375 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage: | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 10,700,000.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | 255 | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 70.00 | | |
| Affidavit Fee: | $ | 8.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed   06-06-2022 16:25
City Register File No.(CRFN): **2022000225945**

*Annette M Hill*
*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  2022052600590006006C4EC4 |
|---|---|

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)** — PAGE 2 OF 8

**Document ID:** 2022052600590006  **Document Date:** 05-17-2022  **Preparation Date:** 05-26-2022
**Document Type:** ASSIGNMENT OF LEASES AND RENTS

**PARTIES**
**ASSIGNEE:**
GOLDEN BRIDGE FUNDING
107-17 71ST ROAD, 2ND FLOOR
FOREST HILLS, NY 11375

# COLLATERAL ASSIGNMENT OF LEASES AND RENTS

This **ASSIGNMENT OF LEASES AND RENTS** ("Assignment") made as of May 17, 2022 by **BD781 LLC**, with an office located at 4403 15th Street STE 114, Brooklyn, New York, 11219 ("Assignor"), in favor of **GOLDEN BRIDGE R1 LLC d/b/a GOLDEN BRIDGE FUNDING**, ("Assignee"), whose address is c/o 107-14 71st Road, 2nd Floor, Forest Hills, New York 11375.

Assignor owns the real property and the improvements know as N/A St Johns Place, Brooklyn, NY 11238 and 421 Lincoln Place Brooklyn, NY 11238, described on **Exhibit A** ("Property") and has delivered to Assignee a Promissory Note in the amount of $10,700,000.00 ("Note") and a Mortgage ("Mortgage"). The Note, the Mortgage and all other instruments evidencing, securing or relating thereto, hereinafter referred to collectively as the "Loan Documents".

To further secure Assignor's obligations under the Loan Documents, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, Assignor does irrevocably, absolutely and unconditionally transfer, assign and pledge to Assignee all of Assignor's right, title and interest in and to:

any and all leases and occupancy agreements now or hereafter affecting all or part of the Property and all guarantees, extensions, renewals and replacements thereof (collectively, "Leases");

all deposits (whether for security or otherwise), rents, income, proceeds, revenue and profits of every nature of and from the Property, including, without limitation, any other payment Assignor may become entitled to receive with respect to any of the Leases pursuant to any bankruptcy, insolvency or reorganization or similar proceedings (collectively, "Rents"), together with the immediate right to collect and retain the Rents now or hereafter becoming due, and together with all rights that Assignor may have against any tenant, lessee or licensee under the Leases or against any other occupant of the Property (such tenants, lessees, licensees or other occupants, "Tenants"); and

any right of Assignor to receive monies under the Leases on the Property in connection with a termination of such Leases by the applicable Tenant ("Early Termination Fees").

While this instrument is a present and absolute assignment of the Rents, the Leases and the powers granted to Assignee, Assignor is granted a revocable license ("License") to retain possession of the Leases and to collect and retain the Rents (other than Early Termination Fees) until an occurrence of an Event of Default (as defined in the Mortgage). Upon an Event of Default, the License shall automatically terminate without notice to Assignor, and Assignee may, with or without taking possession of the Property, take possession of the Leases and collect the Rents. After such termination, Assignor shall be Assignee's agent regarding the Rents, and any Rents collected by Assignor shall be held in trust by Assignor for the exclusive benefit of Assignee, and Assignor shall, within one (1) business day after receipt of any Rents, pay them to Assignee, and furthermore, Assignee shall have the authority, without

notice to Assignor or regard to the adequacy of the security therefor, to (a) manage and operate the Property (such as rental and repairs), with full power to employ agents to conduct the same, and (b) demand, collect, receive and sue for the Rents, including those past due and unpaid as Assignee in its sole discretion shall determine.

Without limiting the rights granted above, if Assignor shall fail to make any payment or to perform any act required hereunder (beyond any applicable grace or cure period), then Assignee may, but shall not be obligated to, without prior notice to or demand on Assignor, and without releasing Assignor from any obligation hereof, make or perform the same in such manner and to such extent as Assignee may deem necessary to protect the security hereof, including, without limitation, appearing in and defending any proceeding purporting to affect the security hereof or the rights of Assignee, discharging any obligation of Assignor under any Lease, and paying all related costs and employing counsel.

This Assignment does not make Assignee responsible for (a) managing or repairing the Property, (b) performing the terms of the Leases, or (c) any loss sustained by Assignor resulting from any act or omission of Assignee in managing the Property, or make Assignee a mortgagee in possession.

Assignor shall indemnify and hold Assignee harmless from and against any and all liability, loss, claim, or damage ("Loss") which Assignee may incur under the Leases and/or by reason of this Assignment, including, without limitation, any asserted by Tenants under the Leases. If Assignee incurs any Loss, including sums advanced pursuant to Paragraph 2 above or in defense of any claim, the amount thereof, including costs and attorneys' fees, together with interest at the Default Rate (as defined in the Note) from the date incurred by Assignee until repaid by Assignor, shall be immediately due and payable to Assignee by Assignor upon demand and shall be secured by the Loan Documents.

Assignor irrevocably appoints Assignee as its attorney-in-fact, which power of attorney is coupled with an interest, from and after an Event of Default to perform any act which Assignee may perform by virtue of this Assignment. Except as otherwise provided in the Mortgage, Assignor shall not, without the prior written consent of Assignee, further pledge or otherwise encumber or assign the Leases or Rents.

At any time, Assignee may, at its option, notify any Tenants of the existence of this Assignment. Assignor specifically authorizes and directs all Tenants to pay all Rents to Assignee upon receipt of demand from Assignee and agrees that each such present and future Tenant may rely upon written demand from Assignee to so pay said Rents without further inquiry.

Assignee shall, as a matter of absolute right, be entitled, upon application to a court of applicable jurisdiction, and without notice to Assignor, to the appointment of a receiver to obtain and secure the rights of Assignee hereunder and the benefits intended to be provided to Assignee hereunder.

Section 1.02. Assignee's acceptance of this Assignment is without prejudice to Assignee. Assignee's exercise of or failure to exercise the rights granted it herein, and

collecting and applying Rents as herein provided, is without prejudice and not a waiver by Assignee of any Event of Default and does not prevent foreclosure of any liens on the Property or make Assignee liable under any of the Leases, Assignee expressly reserving all of its rights and privileges under the Loan Documents as though this Assignment had not been entered into. In addition to any other rights hereunder, Assignee may institute suit and obtain a mandatory injunction against Assignor to prevent a breach or Event of Default.

All rights and obligations of the parties hereunder shall inure to the benefit of and be binding upon each party's successors and assigns. Assignor will not assert any claim against Assignee as a defense, counterclaim or set-off to any action brought by Assignee for any amounts due hereunder or for possession of or the exercise of rights with respect to the Leases or the Rents.

If any provision of this Assignment shall be invalid, such invalidity shall not affect the validity and enforceability of the remaining provisions. This Assignment may not be amended except by a written instrument duly executed by Assignor and Assignee and shall be in full force and effect continuously from the date hereof to and until the Mortgage shall be released.

All notices or other communications to be sent by one party to the other shall be given and effective as provided in the Mortgage. This Assignment shall be governed by and construed in accordance with the laws of the state in which the Property is situated without regard to its conflicts of law rules.

**SIGNATURE PAGE TO FOLLOW**

IN WITNESS WHEREOF, Assignor has executed this Assignment as of the day and year above.

_____ (Seal)
BD781 LLC, BY Joseph Rubin, Authorized Signatory

State of New ~~York~~ ) ss:
County of _____ )

On May 17, 2022 before me, the undersigned, personally appeared Joseph Rubin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**Daniel Y. Ross, Esq.**
**Attorney At Law**
**State Of New Jersey**

**RIVERSIDE ABSTRACT, LLC**
As Agent for
**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**
**LEGAL DESCRIPTION**

Title No.: **RANY-47421**

**Parcel I:**
**To be formed from part of Lot 7:**
All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point in the southerly sideline of St. John's Place (70' wide), in the common line between Lot 11 and Lot 12, therein distant of 176.08 feet as measured easterly from the northeasterly sideline of Washington Avenue (80' wide) and from said point of beginning;

RUNNING THENCE along the common line between Lot 11 and Lot 12, southerly along a line at right angles to St. John's Place, a distance of 98 feet 9 inches to a point in the common line between Lot 11 and Lot 6;

THENCE along said common line, easterly along a line parallel with the southerly sideline of St. John's Place, a distance of 14 feet to an angle point in the same;

THENCE continuing along said common line, southerly along a line parallel with Washington Avenue, a distance of 27 feet 10 ½ inches to a point in the common line between Lot 11 and Lot 5;

THENCE along said common line, southwesterly along a line at right angles to St. Johns Place, a distance of 12 feet 8 7/8 inches to a point in the common line between Lot 11 and Lot 50;

THENCE along said common line, easterly along a line nearly parallel with St. John's Place, a distance of 25 feet to a point in the common line between Lot 11 and Lot 17;

THENCE along said common line, northerly along a line at right angles to St. John's Place, a distance of 137 feet to a point in the aforementioned southerly sideline of St. John's Place;

THENCE westerly along the southerly sideline of St. John's Place, a distance of 50 feet and 3 inches to the point and place of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only

Designated as Block 1177, Lot 11, (Formed from part of old Lot 7), Kings County and also known as Parcel I: N/A St Johns Place, Brooklyn, NY 11238.

**Parcel II:**
**To be formed from part of Lot 7:**
All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point in the northerly sideline of Lincoln Place (70' wide), in the common line between Lot 50 and Lot 1, therein distant of 86 feet as measured easterly along the same from its intersection with the northeasterly sideline of Washington Avenue (80' wide) and from said point of beginning;

RUNNING THENCE along the common line between Lot 50, with Lot 1, Lot 2, Lot 3 and Lot 4, northerly along a line at right angles to Lincoln Place, a distance of 125 feet to a point in the common line between Lot 50 and Lot 11;

Riverside Abstract, LLC
3839 Flatlands Avenue, Suite 208
Brooklyn, NY 11234
TEL: (718) 252-4200  FAX: (718) 252-4226

**RIVERSIDE ABSTRACT, LLC**
As Agent for
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY
**SCHEDULE A continued**

THENCE along said common line, easterly along a line nearly parallel with the northerly sideline of Lincoln Place, a distance of 25 feet to an angle point in the same;

THENCE continuing along said common line, northerly along a line at right angles to Lincoln Place, a distance of 6 feet to a point in the centerline of the block, in the common line between Lot 50 and Lot 17;

THENCE along said common line, easterly along the center line of the block and also parallel with the northerly sideline of Lincoln Place, a distance of 150 feet to a point in the easterly line of Lot 50;

THENCE along said line, Southerly along a line at right angles to Lincoln Place, a distance of 31 feet to a point in the common line between Lot 50 and Lot 41;

THENCE along the common line between Lot 50, with Lot 41, Lot 42, Lot 44, Lot 45, Lot 46 and Lot 47, westerly along a line parallel to the northerly sideline of Lincoln Place, a distance of 150 feet to a point in the common line between Lot 50 and Lot 47;

THENCE along said common line, southerly along a line parallel with the first course, a distance of 100 feet to the point in the aforesaid northerly sideline of Lincoln Place;

THENCE westerly along the northerly sideline of Lincoln Place, a distance of 25 feet to the point and place of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only

Designated as Block 1177, Lot 50, (Formed from part of old Lot 7), Kings County and also known as Parcel II: N/A Lincoln Place, Brooklyn, NY 11238.

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | <br>2022052600590006006S82C5 |
|---|---|

**SUPPORTING DOCUMENT COVER PAGE**  PAGE 1 OF 1

**Document ID:** 2022052600590006    Document Date: 05-17-2022    Preparation Date: 05-26-2022
Document Type: ASSIGNMENT OF LEASES AND RENTS

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| 255 MORTGAGE TAX EXEMPT AFFIDAVIT | 3 |

## SECTION 255 AFFIDAVIT – ASSIGNMENT OF LEASES AND RENTS

STATE OF NEW ~~YORK~~ Jersey )
                              ) ss.:
COUNTY OF Ocean               )

        Joseph Rubin being duly sworn deposes and says:

    (a)    That he is the Authorized Signatory of BD781 LLC the owner and Mortgagor of the premises known as N/A St Johns Place, Brooklyn, NY 11238 and 421 Lincoln Place Brooklyn, NY 11238, which is encumbered by a mortgage made by GOLDEN BRIDGE R1 LLC d/b/a GOLDEN BRIDGE FUNDING (the "Mortgage").

    (b)    That upon the recording of the Mortgage, the mortgage recording tax imposed by law was paid.  Tax Paid: $299,600.00

    (c)    That there is now owing upon the Mortgage the sum of $$10,700,000.00 and in connection therewith, Mortgagor has executed and delivered to Mortgagee an Assignment of Leases and Rents dated the date hereof, now offered for recording simultaneously.

    (d)    That said Assignment of Leases and Rents offered for recording does not create or secure any new or further indebtedness or obligation other than the principal indebtedness secured by or which under any contingency may be secured by the Mortgage and that no re-loans or re-advances become or have become secured thereunder.

WHEREFORE, deponent respectfully request that the Assignment of Leases and Rents offered for recording be declared exempt from taxation pursuant to the provisions of Section 255 of Article 11 of the Tax Law.

                                                    Joseph Rubin

STATE OF NEW ~~YORK~~ Jers )
                           ) ss.:
COUNTY OF O C              )

    On May 17, 2022 before me, the undersigned, a Notary Public in and for said sate, personally appeared Joseph Rubin personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

                                                    Notary Public

**Daniel Y. Ross, Esq.**
**Attorney At Law**
**State Of New Jersey**