

YIFAT V. SCHNUR
YVLS ESQ. LLC

22 Prescott Street, Edison, NJ 08817
26 Broadway, 19th Flr., New York, NY 10004
Email: yifat@yvlslaw.com
T: 347.268.5347

March 12, 2024

**VIA ECF**

Judge Frederic Block
United Stated District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Golden Bridge R2 LLC v. BD781 LLC, et al. Case No. 23-cv-05264-FB-JRC**

Dear Judge Block,

    This firm represents the Five Star entity Defendants as well as Bernard Manies, Feivel Schwartz and Susan Hoffman, who are the owners of the Five Star entities (collectively the "Five Star Defendants"). Pursuant to Your Honor's Individual Rules, Rule 2.A, the Five Star Defendants request a pre-motion conference for their anticipated Motion to Dismiss Plaintiff's Complaint. The basis for this motion is set forth below:

    This foreclosure action arises out of a loan made by Plaintiff lender to Defendant borrower, BD781, which allegedly defaulted for non-payment. Per the Complaint, the Five Star Defendants are named as defendants because of claims they may have on the premises by virtue of a pending action against BD781 and individual Guarantor Defendants, Haikins and Rubin.

    The Complaint, filed July 10, 2023, asserts diversity of citizenship as a basis for subject matter jurisdiction. However, the facts alleged to support jurisdiction — that Plaintiff is a citizen of Israel — establish that Plaintiff is "stateless" and this action therefore is not within the jurisdiction granted by 28 USC 1332.

The Complaint asserts subject matter jurisdiction by way of diversity of citizenship as follows:

> This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a)(1) in that this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.



Complaint, Doc. No. 1 ¶ 26.

To support such diversity of citizenship, Plaintiff alleges that:

> Plaintiff is a Delaware limited liability company, authorized to do business in New York and for the purposes of diversity jurisdiction pursuant to 28 U.S.C. 1332(c)(1) is a citizen of Israel because that it where its sole member and 100% owner has a place of business. *Id.* ¶ 1.

28 USC § 1332 establishes that diversity jurisdiction exists over civil actions (1) between "citizens of different States" and (2) between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1) & (2).

It is axiomatic that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships. *Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315, 322 (2d Cir. 2001), *citing Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978).

For purposes of establishing diversity, a partnership or LLC has the citizenship of each of its partners. *Id.*

United States citizens "domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state," so that "§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Id., citing Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). Thus, when an LLC has any member who is a U.S. citizen domiciled abroad, that LLC cannot sue or be sued on the basis of diversity jurisdiction. *Id.* (explaining that a law firm with partners who were citizens neither of any state nor of any foreign state was not susceptible to diversity jurisdiction); *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 69 (2d Cir. 1990) (same); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 637-38 (7th Cir. 2021) (explaining that "[e]very . . . circuit to have confronted the question has reached the . . . conclusion" that "because a 'stateless' citizen cannot sue or be sued in diversity . . . a single stateless partner destroys diversity" jurisdiction over a partnership).

Putting these principles together and applying them to Plaintiff compels the finding that there is no subject matter jurisdiction. Plaintiff alleges that its sole member and 100% owner is a "citizen of Israel." That member is therefore stateless, rendering the LLC ineligible for diversity jurisdiction.

Additionally, to the extent that Plaintiff's sole member, Erez Brit, may also be a citizen of a state of the United States, on information and belief, he maintains a residence in New York and is possibly a citizen of New York. Because several defendants are citizens of New York (Complaint ¶¶ 3,5-7, 17-23), this would also destroy diversity jurisdiction.

It is well established that "the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is



complete." *Herrick,* 251 F.3d at 323. Plaintiffs have not met this burden, nor could it, given the facts of citizenship.

In light of the foregoing, Five Star Defendants respectfully request a pre-motion conference for their anticipated Motion to Dismiss Plaintiff's Complaint.

Thank you for your consideration of this request.

                              Respectfully,
                              YVLS ESQ. LLC

**By:** _____
        Yifat V. Schnur, Esq.

        26 Broadway, 19th Flr., NY, NY 10004
        Telephone: (347) 268-5347
        Email: Yifat@yvlslaw.com
Attorney for FIVE-STAR EQUITY INVESTMENTS LLC; FIVE STAR MARBELHEAD HOLDINGS LLC; FIVE STAR STORE IT MARBLEHEAD LLC; FIVE STAR PROSPECT HOLDINGS LLC; FIVE STAR EQUITY INVESTMENTS III LLC; MANIES FAMILY SPE LLC; BERNARD (BORUCH) MANIES; FRED (FEIVEL) SCHWARTZ; SUSAN HOFFMAN