UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GOLDEN BRIDGE R2 LLC,

              Plaintiff,

     -against-

SHMUEL A HAIKINS; NY SUPER SAFETY LLC;
HEXAGON INDUSTRIES INC.; STRUCTURAL
ENGINEERING TECHNOLOGIES P.C.; FIVE
STAR EQUITY INVESTMENTS LLC; FIVE STAR
MARBELHEAD HOLDINGS LLC; FIVE STAR
STORE IT MARBLEHEAD LLC; FIVE STAR
PROSPECT HOLDINGS LLC; FIVE STAR
EQUITY INVESTMENTS III LLC; MANIES
FAMILY SPE LLC; BERNARD (BORUCH)
MANIES; FRED (FEIVEL) SCHWARTZ; SUSAN
HOFFMAN; YONI LEFKOWITZ; YONAH
GRUNHUT; ALEXANDER GRUNHUT; BD
EQUITIES LLC; BLUE DIAMOND EQUITIES
LLC; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; NEW YORK CITY
DEPARTMENT OF FINANCE; "JOHN DOE NO. 1
TO 10," inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest in
or lien upon the premises described in the complaint,
Defendants.

              Defendants.

**MEMORANDUM AND ORDER**
Case No. 1:23-cv-05264-FB-LKE

*Appearances:*
*For the Plaintiff:*
DANIEL PARK
PHILIP S. ROSEN
STEVEN S. RAND
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 10017

*For the Defendant BD781 LLC:*
CHRISTOPHER A GORMAN
JOHN MULDOON
Rosenberg & Estis, P.C.
11 Grand Central East, 14th Floor
New York, NY 11017

SCOTT LEVENSON
Levenson Law
625 West 51st Street
New York, NY 10019

*For the Defendant Joseph Rubin*
JOSEPH RUBIN, *pro se*
1774 50 Street
Brooklyn, NY 11204

SCOTT LEVENSON
Levenson Law
625 West 51st Street
New York, NY 10019

*For the Defendants Five Star Equity
Investments LLC, Five Star Marblehead
Holdings LLC, Five Star Prospect Holdings
LLC, Five Star Equity Investments III LLC,
Manies Family SPE LLC, Manies Bernard
(Boruch), Schwartz Fred (Feivel), and Susan
Hoffman*
YIFAT V. SCHNUR
Yifat Schnur Esq. LLC
22 Prescott Street
Edison, NJ 08817

**BLOCK, Senior District Judge:**

Plaintiff Golden Bridge R2 LLC ("Golden Bridge") moves for summary judgment seeking to foreclose on two Brooklyn properties: 419 Lincoln Place (the "Lincoln Place property") and 478 Saint Johns Place (the "Saint Johns Place property"). Defendant BD781 LLC ("BD781") cross-moves for summary judgment and dismissal of the entire complaint. For the following reasons, Golden Bridge's motion for summary judgment as to the Lincoln Place property is **DENIED**, its summary judgment motion as to the Saint Johns Place property is **GRANTED**, and BD781's cross-motion is **DENIED**.

## I.   Background

On May 17, 2022, Golden Bridge R1 LLC (a distinct entity from the plaintiff, Golden Bridge R2 LLC) loaned BD781 the principal sum of $10,700,000, as evidenced by a mortgage note. Pl.'s Ex. E. In return, BD781 and its successors and assigns promised to repay that amount

2

with interest. *Id.* This loan was secured by a mortgage encumbering two lots: 419 Lincoln Place and 478 Saint Johns Place. Pl.'s Ex. F. Repayment was further secured by a guaranty executed by defendants Joseph Rubin and Shmuel A. Haikins. Pl.'s Ex. G. On August 25, 2022, Golden Bridge R1 assigned the mortgage to plaintiff Golden Bridge R2 LLC ("Golden Bridge"). Pl.'s Ex. I.

Beginning on April 1, 2023, and continuing thereafter, BD781 failed to make its mandatory interest payments. Britt Decl. ¶ 14. On May 17, 2023, Golden Bridge provided a notice of default to BD781. Pl.'s Ex. J. BD781 and the guarantors failed to cure the default and then failed to pay the required principal and interest payments due when the note matured on June 2, 2023. Britt Decl. ¶¶ 16–17.

Then, on June 29, 2023, BD781 conveyed the Lincoln Place property to Lefko & Rubin Holdings LLC ("L&R"), which was recorded on ACRIS (the New York City Automated City Register Information System) on July 3, 2023.

On July 10, 2023, Golden Bridge commenced this action, seeking to foreclose on the Lincoln Place and Saint Johns Place properties, and filed a Notice of Pendency on July 14, 2023. Pl.'s Exs. 1–2. Golden Bridge, however, filed its complaint over a week after the Lincoln Place property was conveyed to L&R but did not name L&R as a defendant.

Both properties have since been conveyed again. BD781 conveyed the Saint Johns Place property to 4 Pembroke Way DFT 2017, LLC ("4 Pembroke") on September 22, 2023, and L&R conveyed the Lincoln Place property to 4 Pembroke on December 6, 2023. Pl.'s Ex. 5. Thus, 4 Pembroke is now the owner of both properties at issue in this case.

## II.    Discussion

a.  Subject Matter Jurisdiction

3

As an initial matter, BD781 moves to dismiss because it contends that Golden Bridge failed to establish complete diversity and thus this Court lacks subject matter jurisdiction. The Court is not persuaded.

Invocation of the Court's diversity jurisdiction requires that all plaintiffs be diverse from all defendants. 28 U.S.C. § 1332(a). When a party is an LLC it takes the citizenship of each of its members for purposes of diversity. *Bayerische Landesbank New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). And when a member of an LLC is itself an LLC, the citizenship of that LLC must also be traced to determine whether diversity is satisfied. *See id*. The same applies to limited partnerships. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

It is undisputed that the defendants are citizens of the states of New York, New Jersey, and Ohio. Complaint at ¶¶ 2–25. *See* Def.'s Mem. of Law in Support of Cross-Motion for S.J., 8. Thus, for complete diversity to be established, none of the plaintiffs may be citizens of New York, New Jersey, or Ohio.

Golden Bridge R2 is an LLC. Its sole member is Golden Bridge REIT LLC ("GB REIT"). Britt Decl., ¶ 3. GB REIT has one Class A Member and various Class B Members. Pl.'s Ex. A, 39. The sole Class A member is GB REIT Blocker (Cayman) LP ("Blocker LP"), a limited partnership. *Id*. Blocker LP's general partner is Tandem Capital Investments Ltd. ("Tandem") and its limited partner is GB Fund (Cayman) LP ("Fund LP"). Reply Britt Decl., ¶ 3. Tandem is an Israeli corporation. Pl.'s Reply Ex. C. Fund LP's general partner, in turn, is also Tandem, and its limited partners are individuals. *Id*. at ¶ 12. None of the individual limited partners of Fund LP are citizens of New York, New Jersey, or Ohio. Pl.'s Reply Ex. D. As for the Class B members of GB REIT, none are citizens of New York, New Jersey, or Ohio. Pl.'s Reply Ex. B.

Thus, having traced the ownership of Golden Bridge and its members, complete diversity has been established, and the Court may properly exercise its subject matter jurisdiction.

### b.   Applicable Law

A court should grant summary judgment when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (A dispute as to a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). The movant bears the burden of showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). At this stage of the litigation, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (1986) (internal citation omitted).

Golden Bridge moves for summary judgment to foreclose on both properties. The applicable law of foreclosure in New York is as follows:

> In a foreclosure action, under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the note, and the defendant's default. . . . If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to demonstrate "the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff."

*Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019) (quoting *Capstone Bus. Credit, LLC v. Imperia Family Realty, LLC*, 70 A.D.3d 882, 883, 895 N.Y.S.2d 199 (2d Dep't 2010)).

### c.   Lincoln Place Property

Golden Bridge contends that it has established a prima facie case for foreclosure on the Lincoln Place property and that there are no material facts in dispute. BD781 responds by moving to dismiss the complaint for failure to join a necessary party: the actual fee owner of the

5

Lincoln Place property. For the reasons that follow, Golden Bridge is not entitled to summary judgment, but nor is BD781 entitled to dismissal.

N.Y. Real Prop. Acts. Law ("RPAPL") § 1311(1) provides that any person with a fee interest in a property must be joined as a defendant in a foreclosure action. *Deutsche Bank Nat'l Tr. Co. v. Ennis*, 2025 NY Slip Op 01787, 2, 236 A.D.3d 987, 988, 232 N.Y.S.3d 34, 36 (App. Div. 2nd Dept.). Courts applying New York law have treated the failure to do so in differing ways: some courts have treated it as grounds for dismissal, while others have held that failure to join a necessary party simply leaves that party's rights unaffected by a judgment of foreclosure. *Compare Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 466 (S.D.N.Y. 2001) ("[i]n a mortgage foreclosure, all parties interested in the ownership of the lien to be foreclosed must be joined either as plaintiffs or defendants, and the failure to do so renders the proceeding jurisdictionally defective, requiring dismissal") *with Glass v. Estate of Gold*, 2008 NY Slip Op 1707, 2, 48 A.D.3d 746, 747, 853 N.Y.S.2d 159, 160 (App. Div. 2nd Dept.) ("absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale").

The inclination of some state courts to dismiss for failure to join a necessary party under RPAPL § 1311, however, arguably conflicts with Fed R. Civ. P. 19, which provides that necessary parties must be joined so long as doing so would not destroy the court's jurisdiction. *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). And it is well established that "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Dismissal for failure to join a necessary party under federal law is only warranted where joinder is not feasible and the court further determines that the missing party is "indispensable" within the meaning of Rule 19 based

6

upon a multi-factor test set forth at *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 133 (2d Cir. 2013). As the Second Circuit has explained, "Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *Am. Trucking Ass'ns v. N.Y. State Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015) (quoting 7 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1609 (3d ed. 2015)). Furthermore, "[a] party that complains of failure of the adversary to join an indispensable party is required by Rule 19 to explain why the objecting party did not itself bring the indispensable party into the litigation." *Kim v. Yoo*, 776 F. App'x 16, 20 (2d Cir. 2019).

When Golden Bridge commenced this action, L&R was title owner of the Lincoln Place property. Accordingly, it was a necessary party under RPAPL § 1311(1). L&R subsequently transferred the property to 4 Pembroke. Golden Bridge's arguments that L&R and 4 Pembroke are not necessary parties are unavailing. Golden Bridge asserts that the absence of L&R is a "red herring" and that the present action may proceed without L&R because it is no longer the fee owner of the Lincoln Place property. Golden Bridge also asserts that because 4 Pembroke acquired title to the Lincoln Place property after Golden Bridge commenced its foreclosure action, it was on notice of the pendency of this action pursuant to CPLR § 6501(a) and thus is bound by judgments in this action.

Golden Ridge misreads CPLR § 6501(a), which provides that "[t]he pendency of such an action is constructive notice, from the time of filing of the notice only, to a purchaser from . . . *any defendant* named in a notice of pendency." (Emphasis added). 4 Pembroke bought the property from L&R, but L&R was not a "defendant named in a notice of pendency." Thus, CPLR § 6501(a) does not apply. Because L&R was a necessary party and was not joined, and because 4

7

Pembroke did not have constructive notice, this action lacks the necessary parties and Golden Bridge's motion for summary judgment as to the Lincoln Place property is denied.

However, dismissal is also not warranted here. BD781 contends that failure to join L&R renders this proceeding defective and requires dismissal. *See Regency Sav. Bank, F.S.B.*, 139 F. Supp. 2d at 466. But as explained above, dismissal for nonjoinder is disfavored and BD781 has failed to carry its burden of explaining why joinder of 4 Pembroke would not be feasible or why it did not bring 4 Pembroke into this litigation itself. *See Kim*, 776 F. App'x at 20. Accordingly, BD781's motion to dismiss as to the Lincoln Place property is denied.

Golden Ridge will be permitted an opportunity to file an amended complaint naming all necessary parties, which would now include 4 Pembroke as the title owner of the Lincoln Place property. *See* RPAPL § 1311(1).

d.   Saint Johns Place Property

No similar issues concerning the joinder of necessary parties applies to the Saint Johns Place property. Golden Bridge has produced evidence of the mortgage, Pl.'s Ex. F, the note, Pl.'s Ex. E, and the defendant's default, Pl.'s Exs. J–K. Golden Bridge has therefore "establishe[d] its prima facie entitlement to summary judgment[.]" *Gustavia Home*, 785 F. App'x at 14.

The only defense that BD781 musters is that Golden Bridge failed to produce sufficient evidence because BD781 contends that Erez Britt, upon whose declaration Golden Bridge relies, is not qualified to speak on behalf of Golden Bridge. This argument is meritless.

To establish a prima facie entitlement to summary judgment, "[a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures." *Citibank, N.A. v. Cabrera*, 2015 NY Slip Op 06208, 1, 130 A.D.3d 861, 861, 14 N.Y.S.3d 420, 421 (App. Div. 2nd Dept.). Britt is the director of

8

Tandem. Repl. Decl. of Britt ¶ 1. As explained above when tracing the ownership of Golden Bridge, Tandem is an indirect owner of Golden Bridge. Golden Bridge established Britt's personal knowledge of its business practices, records, and ownership structure. *Id*. at ¶ 2. Thus, Britt may speak on behalf of Golden Bridge and Golden Bridge has laid a proper foundation for the introduction of its business records. *See Citibank, N.A.*, 130 A.D.3d at 861.

The cases cited by BD781 in opposing Britt's affidavit involved affiants employed by third-party loan servicers, rather than someone in the ownership chain. *See HSBC Bank USA, N.A. v. Betts*, 67 A.D.3d 735, 736, 888 N.Y.S.2d 203 (N.Y. App. Div. 2d Dep't 2009); *HSBC Mtge. Servs., Inc. v. Royal*, 142 A.D.3d 952, 954, 37 N.Y.S.3d 321 (N.Y. App. Div. 2d Dep't 2016). Additionally, the courts in those cases found that the movant failed to establish the affiant's personal knowledge, which is not the case here. *See Cabrera*, 130 A.D.3d at 861. Those cases are thus distinguishable and do not preclude Golden Bridge from relying on Britt's declaration.

BD781's transfer of the Saint Johns Place property to 4 Pembroke also poses no impediment to foreclosure. Unlike with the Lincoln Place property, 4 Pembroke received the property from a defendant after the commencement of the action and after Golden Bridge filed a notice of pendency. Thus, CPLR § 6501(a) controls; 4 Pembroke had constructive notice of this action and is bound by these proceedings. *See Mallick v. Farfan*, 2009 NY Slip Op 7233, 1, 66 A.D.3d 649, 649–50, 885 N.Y.S.2d 774, 775 (App. Div. 2nd Dept.) ("The purpose of the notice of pendency is 'to afford constructive notice from the time of the filing so that any person who records a conveyance or encumbrance after that time becomes bound by all of the proceedings taken in the action.'") (Quoting *2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp.*, 58 AD3d 158, 161, 867 NYS2d 416 (2008)).

9

e.   Other Defenses

BD781's answer raised other affirmative defenses, including, *inter alia,* failure to state a claim, lack of standing, and failure to mitigate damages. It raised them in short, conclusory statements, often only a sentence or two. Golden Bridge's motion for summary judgment opposed these affirmative defenses with cogent legal argument. But BD781, in its opposition and cross-motion, failed to address them. Golden Bridge contends that these affirmative defenses are therefore abandoned.

In opposing a motion for summary judgment, a defendant may not rest solely on its answer. *See Parks Real Estate Purchasing Group v. St. Paul Marine and Fire Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006). "Arguments not made in opposition to a motion for summary judgment are deemed abandoned." *Plahutnik v. Daikin Am., Inc.*, 912 F. Supp. 2d 96, 104 (S.D.N.Y. 2012); *see also Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 397–98 (S.D.N.Y. 2014) (failure to respond to plaintiff's motion for summary judgment opposing certain affirmative defenses results in abandonment of those defenses).

### III.   Conclusion

Golden Bridge's motion for summary judgment on its foreclosure action concerning the Lincoln Place property is **DENIED** but its summary judgment motion concerning the Saint Johns Place property is **GRANTED**. Defendants' cross motion for summary judgment is **DENIED**.

**SO ORDERED.**

 /S/ Frederic Block            
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 14, 2026

10